UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TAHLIA BELL, | Case No. 1:12cv2353 |
| Petitioner, | Criminal Case No. 1:11cr322 |
| vs. | Judge Dan Aaron Polster |
| UNITED STATES OF AMERICA, | **MEMORANDUM OF OPINION AND ORDER** |
| Respondent. | |

Before the Court is Petitioner Tahlia Bell's *pro se* motion under 28 U.S.C. §2255 to vacate, set aside, or correct her sentence (***Doc: #1***). On October 3, 2011, Petitioner pled guilty to the Indictment, which charged one count of bank robbery in violation of 18 U.S.C. §2113(a). *Doc: #17*.[1] On December 7, 2011, the Court sentenced Petitioner to a prison term of one hundred (100) months with three (3) years of supervised release. *Doc*: *#19*.

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom the motion is assigned to make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack.

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

*Id*.

The basis for Petitioner's motion is that she received ineffective assistance counsel because counsel failed to argue for a lower sentence based on diminished capacity due to

---

[1] All document references, except for the instant motion, are from the criminal case, No. 1:11cr322.

Petitioner's extensive history of substance abuse, psychiatric issues, and failing health. Having reviewed the records and transcript relating to the judgment under attack, the Court finds that Petitioner is not entitled to relief.

Claims of ineffective assistance of counsel are analyzed under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, Petitioner must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's deficiency, the outcome of the proceedings would have been different. *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003) (citing *Strickland*, 466 U.S. at 689).

Petitioner's argument in the instant motion is rejected. Upon review of the transcript of the sentencing, the Court notes that defense counsel argued for the Court to consider Petitioner's substance abuse and physical and mental health issues in determining an appropriate sentence. *Sentencing Hr'g Tr.,* at 7-10. In addition, the probation department prepared a presentence report, which detailed petitioner's substance abuse and physical and mental health history. Regardless of whether or not defense counsel filed a sentencing memorandum or argued to the Court for a departure or variance from advisory sentencing guidelines, the Court reviewed the report and considered all of the information contained therein in fashioning Petitioner's sentence.

Accordingly, since it plainly appears from the motion and the prior proceedings that Petitioner is not entitled to relief under 28 U.S.C. §2255, the motion is **SUMMARILY DISMISSED** under Rule 4(b).

**IT IS SO ORDERED.**

/s/Dan Aaron Polster     10/1/12
**Dan Aaron Polster**
**United States District Judge**